CARTER v. RAILROAD.

(Filed November 15, 1905).

*Railroads — Death by Wrongful Act — Damages — Earnings —Personal Expenses —Instructions —Questions for Jury.*

1. In an action for damages for death by wrongful act, an instruction that "whenever an adult has been killed and his administrator brings suit  *  *  *. it is necessary for the administrator to show by affirmative evidence that the net earnings of the deceased exceeded his expenditures, and unless he has done that, it is the duty of the jury to say that he is not entitled to recover anything," is erroneous.

2. Under sections 1498-9 of The Code, the question is, did the relatives suffer any pecuniary loss by reason of the fact that the deceased failed to live out his expectancy, and in determining it the jury must take into consideration the entire life, character, habits, health, capacity, etc., of the deceased.

3. In ascertaining the net earnings the jury should deduct only the reasonably necessary personal expenses of the deceased, taking into consideration his age, manner of life, business calling or profession, etc., and the amount spent for his family, or those dependent upon him, should not be deducted.

4. The court cannot instruct the jury in any case, when death by the wrongful act of the defendant is shown, that upon any state of facts it is their duty to render a verdict against the plaintiff, as "the reasonable expectation of pecuniary advantage from the continuance of the life of the deceased," is necessarily an inference of fact from all of the evidence and can only be drawn by the jury.

PETITION by the plaintiff to rehear this case, which was decided at the Spring Term, 1905 (138 N. C., 750), no written opinion being filed.

*R. C. Strudwick* and *J. A. Barringer* for the petitioners.
*King & Kimball* in opposition.

CARTER *v.* RAILROAD.

*Per Curiam:* This is a petition to rehear this cause disposed of at the last term, 138 N. C., 750. His Honor said to the jury among other things: "The court charges you as a matter of law, and it is so plain that there can be no mistake about it, that in this case, whenever an adult has been killed, no matter whether he was killed by an individual or a corporation, it is all the same, and his administrator brings suit, it is necessary for the administrator to show by affirmative evidence that the net earnings of the deceased exceeded his expenditures, and unless he has done that, it is the duty of the jury to say that he is not entitled to recover anything." To this instruction the plaintiff excepted.

There was error in two respects. The instruction whether so intended or not, confined the jury to the consideration of testimony in regard to the net earnings of the deceased at the time of his death or prior thereto, or, in other words, whether he had accumulated anything at the time of his death. By a proper construction of the statute, Code, secs. 1498 and 1499, the inquiry whether or not the relatives of the deceased have suffered any pecuniary loss by his death, is not limited to the date of his death. It must necessarily extend beyond that period. The true question is, did the relatives really suffer any loss by reason of the fact that the deceased failed to live out his expectancy. In determining it, the jury must take into consideration the entire life, character, habits, health, capacity, etc., of the deceased, and from the result of such consideration, estimate as near as may be, and ascertain according to the rule laid down by the court what pecuniary advantage would have accrued to his relatives if he had lived out his expectancy, as the jury may find it to be, using the mortuary tables prescribed to aid them. This question is within the peculiar province of the jury. The court may not take it from them and decide it as a question of law. He instructs the jury in regard to the rule for ascertaining the net income during the entire life of the de-

ceased, and how to ascertain the present worth of the amount fixed by the jury as the total accumulation during his life, and their verdict in the light of all the evidence must be fixed by them. This court said in *Benton v. Railroad,* 122 N. C., 1009, after stating the rule as laid down in *Pickett's case,* 117 N. C., 638: "In applying this rule  *  *  *  and to enable the jury to properly estimate the reasonable expectation of pecuniary advantage from the continuance of the life of the deceased, they should consider his age, habits, industry, means, business qualifications, skill and reasonable expectation of life." *Watson v. Railroad,* 133 N. C., 190. This court held in *Russell v. Steamboat Co.,* 126 N. C., 961, and *Davis v. Railroad,* 136 N. C., 116, that substantial damage, ascertained in the manner pointed out, could be recovered for the wrongful killing of an infant. To confine the jury to the net income prior to and at the time of the death, would exclude any recovery in such cases. The same result would follow in the case of a young man just entering upon active life as well as many others, which readily occur to the mind.

The charge was also erroneous in that it directed the jury to deduct from such gross income or earnings, as they might find the deceased would have made, his "expenditures." The true rule requires the jury to deduct only the reasonably necessary personal expenses of the deceased, taking into consideration his age, manner of living, business calling or profession, etc. If by "expenditures" is understood, and we think the jury in the absence of any explanation may have well so understood it, the amount spent for his family or those dependent upon him, the result would be to deprive the families of a very large majority of men from recovering damage for their death. But a small number of men accumulate estates. Their income or earnings, after paying their actual personal expenses, are expended in the support and education of their children. Certainly it was not contemplated that for wrongfully causing the death of such a man, no damage could

be recovered, although his death deprived his family of their sole support, while for the death of one without any family, or who by miserly living and hoarding deprives his family of support and education, large damages should be awarded. It cannot, with any show of truth, be said that in the first case the family sustain no pecuniary loss by reason of the death of the husband and father. Such a construction of the statute would place beyond the protection of law nine-tenths of the people. His Honor, of course, did not intend to so construe the law, but it is the logical result, if the absence of accumulation by the deceased or the lack of an excess of earnings over all expenditures, is to be laid down as the rule of law. It is not for the court to instruct the jury in any case, when death by the wrongful act, neglect or default of the defendant is shown or admitted, that upon any state of facts it is their duty to render a verdict against the plaintiff. "The reasonable expectation of pecuniary advantage from the continuance of the life of the deceased," is necessarily an inference of fact from all of the evidence and can only be drawn by the jury, subject of course to the supervisory power of the court to prevent injustice by setting aside the verdict, if excessive.

The petition must be allowed and a new trial awarded.

Petition allowed.