97 So.2d 43 (1957)
Iva J. ANDREWS and Harry J. Andrews, Appellants,
v.
Jesus CARDOSA and Neal M. Cardosa, Appellees.
No. 1.
District Court of Appeal of Florida. Second District.
September 18, 1957.
*44 Brown, Brown & Corcoran, Tampa, and Buckley & Bland, Ft. Lauderdale, for appellants.
MacFarlane, Ferguson, Allison & Kelly, C.F. Clark, Tampa, for appellees.
ALLEN, Judge.
This appeal is to review a final judgment for the appellants, who were plaintiffs below, entered by the Circuit Court of Hillsborough County, Florida. The plaintiffs sued the defendants, appellees here, for damages resulting from a collision between an automobile owned and operated by appellant, Iva J. Andrews, and in which she and her husband, Harry J. Andrews, were riding, and a truck owned by appellees. The appellees' Answer denied negligence and averred contributory negligence, but at the trial appellees admitted liability and the sole question became the amount of the damages to the plaintiffs.
The jury returned a verdict of $2,000 for appellant, Iva J. Andrews, and $500 for her husband, appellant, Harry J. Andrews. Judgment was entered on the verdict and the appellants moved for a new trial on the following grounds:
The verdict is contrary to the evidence in that it is grossly inadequate; the trial judge erred in denying appellants' counsel the right to make an opening statement to the jury at the beginning of the trial (confined him to reading complaint); the trial judge erred in denying appellants permission to use a blackboard for the purpose of illustrating their final argument to the jury; the trial judge erred in denying appellants permission, at the time of their final argument, to have the jury supplied with paper and pencils for making notes; the trial judge erred in making remarks allegedly critical of appellants' out-of-town counsel to the effect that things were not done in said court as he was doing them, and the trial judge erred in refusing to permit appellants to present rebuttal testimony.
The motion for a new trial was denied and this appeal followed, appellants assigning as error the denial of their motion for a new trial.
This court is of the opinion that the judgment of the lower court should be affirmed.
Two questions arise on this appeal: 1. Was the verdict in favor of the plaintiffs grossly inadequate? 2. Did the lower court err from a procedural standpoint in denying appellants the right to make an opening statement, the right to use rebuttal testimony, the use of a blackboard, paper and pencils for the jury, and in remarking to the attorney for the plaintiff that "you may try law suits that way on the lower *45 East Coast but we don't do that way over here"?
The remarks of the trial judge above referred to were evidently based on the request of plaintiffs' counsel, who were from Ft. Lauderdale, for permission to use a blackboard, to give the jurors pencils and paper, to use a medical chart, and for other procedural privileges. We cannot say from the record in this case that such remarks constituted prejudicial error.
The denial of the court to permit the plaintiffs to use a witness in rebuttal cannot be held an error in view of the minutes of the court which show that both the plaintiffs and the defendants had rested their case the previous day of trial and no proffer of the evidence which the plaintiffs desired to put in the record was made. Therefore, it is impossible for this court to determine whether the refusal of the lower court was prejudicial.
The denial by the trial judge of the request of plaintiffs' counsel to use a blackboard during final argument for the purpose of illustrating numerous items of damage to the jury, and to give the jury pads of paper and pencils for the purpose of making notes, rested in the sound discretion of the trial judge.
This Court, in affirming this case, does not necessarily hold that the procedural methods used by the able judge below as to the use of the blackboard and the like should be followed by other trial judges, but that such procedure was in the sound discretion of the trial judge here and no prejudice appears in the record.
The appellants forcibly argue that the jury's verdict of $2,000 for Mrs. Andrews and $500 for her husband was grossly inadequate and that the lower court should have set aside the verdict for this reason.
All of the testimony adduced during the trial related to damages, as liability was admitted by the defendants. The verdict of the jury was inadequate had the jury accepted the testimony of the plaintiffs' witnesses, but the defendants' witnesses minimized the testimony offered by the plaintiffs.
The plaintiffs claimed damages for loss of a six year old Buick, for loss of a muskrat coat that was several years old and for personal injury and expenses.
Plaintiff testified that she was injured by the automobile accident of December, 1951, which was the basis of this suit. The most serious injury claimed by the plaintiff was to her back.
A series of accidents happened to the plaintiff between the time of her injury from the collision in December, 1951 and the trial of this cause. She suffered a fracture of the wrist as a result of a fall in May, 1952; an injury to her lower back as a result of picking up a large box of apples in February, 1954, for which compensation was paid and whirlpool and physical therapy treatment given for a period of two months; an injury to her side and abdomen as a result of lifting jars while employed at the Escape Hotel, for which compensation was given; and a fracture of the humerus which resulted from a fall October, 1955. These injuries incapacitated the plaintiff for various periods of time. In addition, her physician testified that she had existing arthritis before the collision in question.
The jury could have concluded from the testimony of the defendants' witnesses that she had a back injury prior to the time of the collision with the defendants' car, and that if this injury had been aggravated, the aggravation could have been caused by one or more of the other injuries which she had received rather than by the automobile collision.
The entire record in this cause has been carefully reviewed and considered and we find that there was adequate basis upon which the jury could have arrived at the *46 conclusion reached in this case. The test is not what an Appellate Court would have decided had they tried the case, but whether or not they can say, after viewing the case, that the jury as reasonable men could not have found the verdict which they did. Merchants' Transport Co. v. Daniel, 109 Fla. 496, 149 So. 401; Parrish v. Clark, 107 Fla. 598, 145 So. 848.
We, therefore, hold that the factual dispute as to the amount of damages due the plaintiffs was properly resolved by the jurors.
The judgment of the lower court is hereby affirmed.
KANNER, C.J., and PLEUS, J., concur.