## 18216

William EDWARDS, Respondent, v. Billy Lucian LAWTON and one
1955 Chevrolet Automobile, S. C. License No. D-154636 (1963) Appellant

(136 S. E. (2d) 708)

*Paul Montjoy, Esq.,* of Greenville, *for Appellant,*

Richard J. Foster, Esq., of Greenville, *for Respondent,*

May 25, 1964.

TAYLOR, Chief Justice.

This action was instituted in the County Court for Greenville County before the Honorable James H. Price, J., for personal injuries and property damage arising out of an automobile accident. The jury returned a verdict for plaintiff in the amount of $5,000.00 actual damages.

The only question for determination is whether the trial Judge committed error in permitting plaintiff's attorney, over objection of the defendant, to argue to the jury that if the jury found plaintiff was entitled to compensation for pain and suffering, one of the allowable methods of computing such compensation was through the use of a per diem formula, and in further allowing plaintiff's attorney to illustrate the use of such formula on the blackboard.

It has been settled in this State that counsel may use a blackboard during jury argument to illustrate points that are properly arguable or to bring to the jury's attention facts or figures properly revealed by the evidence. We stated in *Johnson v. Charleston & W. C. Ry. Co.,* 234 S. C. 448, 108 S. E. (2d) 777:

"There is no impropriety in counsel's use of a blackboard, during his argument to the jury, for the purpose of fairly illustrating points that are properly arguable. 53 Am. Jur.,

Trial, Section 490; 88 C. J. S., Trial, Section 177; *Lauderdale County Cooperative v. Lansdell,* 263 Ala. 557, 83 So. (2d) 201; *Nehi Bottling Co. of Ellisville v. Jefferson,* 226 Miss. 586, 84 So. (2d) 684; Annotation: 44 A. L. R. (2d) 1205. Calculations made, or diagrams drawn, thereon are of course not evidence. Like statements of counsel in oral argument, they should have reasonable foundation in the evidence or in inferences fairly arguable from the evidence. Just as oral argument may be abused, so may such visual argument; and its abuse may be so flagrant as to require a new trial. Control of the arguments of counsel, with regard to the use of such visual aids, as with regard to oral statements, rests in the sound discretion of the trial judge. *Johnson v. Life Insurance Co. of Georgia,* 227 S. C. 351, 88 S. E. (2d) 260, 55 A. L. R. (2d) 813; *Andrews v. Cardosa,* Fla. App., 97 So. (2d) 43; *Miller v. Loy,* 101 Ohio App. 405, 140 N. E. (2d) 38."

In *Harper v. Bolton,* 239 S. C. 541, 124 S. E. (2d) 54, counsel in the lower Court was permitted to endorse on a blackboard his own personal opinion as to the per diem value of pain and suffering. Finding error in such presentation, we said:

"In allowing counsel for the respondent to endorse on a blackboard his own opinion as to the per diem value of pain and suffering was to permit him to make an argument that had no foundation whatever in the evidence. Though wide latitude and freedom of counsel in arguments to the jury are and ought to be allowed, such arguments cannot be based on facts not in the record, or inferences based on or drawn from facts which are not even admissible in evidence."

The transcript of record contains the argument objected to by defendant, the pertinent parts of which appear as follows:

"* * * Mr. Foreman and gentlemen of the jury, there is no market price on the value for pain and suffering. There is no rule of damages that we could come in here and say

that this plaintiff is entitled to so much pain for an arm injury or so much pain for a foot injury. Whatever I say to you with regard to any suggestions about how you may arrive at a verdict is argument and you must consider it so. Any determination for pain and suffering is solely a matter within your province; and it is solely a matter for your judgment. But, if you find that this plaintiff has suffered pain, you may go further and you may decide that he is entitled to have compensation for that pain. You may use any one of a number of methods of arriving at that, and one of them is this; you may decide to try to estimate his pain by what we call a per diem, what may be called a per diem value. It has been almost four months, certainly more than four months since the accident. Now, is he entitled to any compensation I ask you in all fairness, for the suffering that he has endured from the time of this accident up until the day of this trial? * * * Now, if you decide, and you may decide, that he is entitled to fifteen dollars a day, or ten dollars a day, or five dollars a day, or nothing; but if you decide that over the period of the last four months for this one hundred and twenty days, if you should find as a fact that he is entitled to ten dollars a day for that pain and suffering, let us put it on the board and see what that would amount to and see if it will aid you in arriving at a figure. But, up through September at ten dollars a day, is that an unreasonable figure for you to decide? If it is, you can ignore it. But, if you decide that he is entitled to that that will come to some one hundred— one thousand, two hundred dollars, the cost of one hundred and twenty days at ten dollars per day. * * * You may decide, Mr. Foreman and gentlemen of the jury, that he is entitled to a dollar a day; you may decide that he is entitled to nothing. But, if you decide that he is entitled to a dollar a day for this condition that will be with him, and if you find that he is going to have this permanent condition for the rest of his life, that would be what? That would amount to three hundred and sixty-five dollars a

year. And he has got a life expectancy, and his Honor will charge you that you have the right to consider what we call the Mortuary Table which means that it is set down in statistics how much longer and predicted how much longer that you and I and the rest of us are going to live. And you can apply that to his approximately fifty years that he testified to; that gives him approximately twenty years or a little more than that, but let's say twenty years. If you decide that he is entitled to the sum of a dollar a day that would come to three hundred and six-five dollars a year, and that would be some seven thousand three hundred dollars that he would be entitled to; and we can put that on the board, and we can add that up—you may, you have the right to do that, I don't; what I am saying to you, of course, is pure argument, but you have the right to use whatever method you want to arrive at that is a proper compensation for his pain. That comes to a total, according to the figures I have made, of five thousand, one hundred and twenty-five dollars and thirty-three cents. Now, those figures, Mr. Foreman and gentlemen of the jury are not evidence. But they are simply a method that may aid you if you decide that he is entitled to a verdict, if you decide and feel that he is entitled to compensation for his pain, you may decide that he is not, if you do agree with Mr. Burgess that he is not entitled to no compensation for his pain and suffering, all we are entitled to is what actual damages you may find. If you find that he is entitled to compensation for pain and suffering, you may use that method to arrive at it. If you do not feel that's right, you can throw that out the window, for that is argument as you can see from the plaintiff's standpoint. If you decide he is entitled to fifty cents a day that would reduce it half of the seventy-three hundred dollars. You may decide he is entitled to nothing. * * *"

Defendant sets forth in his briefs that he does not contend the question here is the same as the issue decided by *Harper v. Bolton, supra,* 239 S. C. 541, 124 S. E. (2d)

54, and recognizes that the issue then before the Court was "whether the trial Judge committed error in permitting one of the attorneys for the respondent, while addressing the jury and over the objection of the appellant, to endorse on a blackboard his own opinion as to the per diem value which the jury should award to the respondent for her pain and suffering." Defendant contends here that although plaintiff's counsel did not give his opinion as such on the proper sum to be assessed by the jury for pain and suffering, to permit the use of the per diem formula as was heretofore related has the same effect and is error.

"Pain and suffering is recognized by the Courts of this State as a very material element of damages on which a recovery may be bottomed. *Campbell v. Hall et al.,* 210 S. C. 423, 43 S. E. (2d) 129. Damages for pain and suffering are unliquidated and indeterminate in character and the assessment of unliquidated damages must rest in the sound discretion of the jury, controlled by the discretionary power of the trial Judge. *Wright v. Gilbert et al.,* 227 S. C. 334, 88 S. E. (2d) 72. Pain and suffering have no market price. They are not capable of being exactly and accurately determined, and there is no fixed rule or standard whereby damages for them can be measured. Hence, the amount of damages to be awarded for pain and suffering must be left to the judgment of the jury, subject only to correction by the courts for abuse." *Harper v. Bolton, supra,* 239 S. C. 541, 124 S. E. (2d) 54.

In instant case there is ample testimony of pain and suffering and counsel carefully refrained from giving his opinion as to the per diem value thereof, being careful to point out that only the jury could place a monetary value thereon; and we are of opinion that the use of the per diem formula for illustrative purposes was not error.

For the foregoing reasons we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.