18484

Mellison CONYERS, Appellant, v. Isobel S. STEWART, Respondent

(147 S. E. (2d) 640)

*Messrs. W. L. Clifton* and *R. Kirk McLeod,* of Sumter, for *Appellant,*

*Messrs. Nash & Wilson* and *John W. Chappell,* of Sumter, *for Respondent,*

April 4, 1966.

BRAILSFORD, Justice.

· The plaintiff, Mellison Conyers, while a passenger in an automobile being operated by the defendant, Isobel S. Stewart, on a narrow dirt road, in an agricultural area in Sumter County, was seriously injured when the automobile was in collision with a farm tractor being operated by a colored boy. She sued Mrs. Stewart, alone, for damages for her injuries, and appeals from an adverse verdict and judgment by direction of the court.

The sole issue presented by plaintiff's appeal is the sufficiency of the evidence to raise a jury issue as to causative negligence of the defendant. By additional sustaining grounds, the defendant puts forward that plaintiff should have been held to be a guest passenger in defendant's automobile as a matter of law. Hence, the insufficiency of the evidence to raise a jury issue under the guest statute, Section 46-801, justified the direction of a verdict, even if there was error in concluding that the evidence was insufficient as to simple negligence.

The record does not indicate that the statute was invoked by the answer or by motion at the trial. However, the court, in directing a verdict for the defendant on the theory that the negligence of the tractor driver was the sole cause of the injury, also ruled, as a matter of law, that the plaintiff was not a guest within the meaning of the statute. We need not review this ruling, because, for the purposes of the appeal, the same result follows our conclusion that, to say the least, the evidence was susceptible of a reasonable inference that plaintiff was not a guest within the meaning of the statute. Since the statute was not relied upon by the defendant at the trial, we overrule the additional sustaining grounds, for the reason stated, without prolonging this opinion by a discussion of the evidence on the point.

At about midday on May 10, 1963, the defendant, with plaintiff beside her, was driving at a moderate speed along an undesignated dirt road in the Pinewood section of Sumter County. It is inferable from the testimony and exhibits that this was a typical, little traveled, "country road," just wide enough for two cars to pass "full facing each other," sandy, seldom worked and with a crown in the middle which motorists found it convenient to straddle. According to one witness, "usually when you drive in it, you have to hold it in the middle of the road, the crown of the road to drive it." The road was bordered by brush and woodland and by cultivated fields. The rows of a cotton field

at the scene of the accident were laid out so that the operators of farm tractors and equipment working thereon used the roadway for a turnaround.

As the parties approached the scene of the accident, they saw, at a distance of some 1200 feet, a farm tractor, with a colored boy seated upon it, parked on the left side of the road adjacent to the cotton field, headed in the same direction they were traveling. The defendant approached the tractor closely, intending to pass on its right, without altering her speed or sounding her horn. At the critical moment, the tractor started a right turn into the roadway. The defendant applied her brakes and turned toward the right edge of the road. The car laid down brake marks for about twenty-five feet before its left front collided with the tractor, entirely on the automobile's right side of the road..

Although plaintiff's testimony, standing alone, is susceptible of the inference that the defendant, unaccountably, drove into the parked tractor, her counsel, in effect, rightly concedes that the negligence of the tractor operator in turning into the defendant's line of travel was a proximate cause of the collision. The appeal turns on whether the trial judge erred in concluding as a matter of law that such negligence was the sole proximate cause.

It is too well settled to require citation of authority that the negligent acts or omissions of two or more persons may combine to produce an injury, and, in such case, the injured party has the option of suing either, both or all of the wrongdoers.

Our statutory law requires that every motor vehicle be equipped with an effective horn and requires that such horn be sounded "when reasonably necessary to insure safe operation" of a vehicle. Section 46-581, 46-582, Code of 1962. Virtually the same duty exists under the common law.

In the light of hindsight, it is rather obvious that the safe operation of this vehicle would have been assured, so far as the hazard presented by the tractor

is concerned, if defendant had sounded her horn at an appropriate time. Of course, cases are to be decided in the light of the circumstances which confronted the parties at the time, and their conduct is to be judged by the standard of a man of ordinary reason and prudence similarly situated. Taking into account the character of the roadway and its surroundings, the fact that the operator was mounted on the tractor and was not in a position to see the approach of defendant's automobile, the likelihood that he was unaware of it and might be thoughtless of any traffic hazard on this lightly traveled road, and the proximity to the tractor in which defendant expected to pass, in the light of the rule that the evidence and inferences reasonably deducible therefrom must be viewed in the light most favorable to the plaintiff, we cannot exculpate the defendant from the charge of negligence in failing to give warning of her approach as the only reasonable inference from the evidence. In our judgment, whether under the circumstances due care required that the horn be sounded so as to alert the tractor driver to the approach of the automobile was an issue of fact which should have been submitted to the jury under proper instructions from the court.

Reversed and remanded for a new trial.

Moss, Lewis and Bussey, JJ., concur.