Juanita **MOSLEY**, Administratrix **C.T.A.**
of the Estate of Grady G. Mosley,
Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 73–2112.

United States Court of Appeals,
Fourth Circuit.

Argued April 1, 1974.

Decided July 18, 1974.

William H. Holdford, Wilson, N. C. (Narron, Holdford, Babb & Harrison, Wilson, N. C., on brief), for appellant.

Jack B. Crawley, Jr., Asst. U. S. Atty. (Thomas P. McNamara, U. S. Atty. for the E. D. N. C., on brief), for appellee.

Before BUTZNER, RUSSELL and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

In this appeal of an action brought under the Federal Tort Claims Act, Juanita Mosley's sole assignments of error pertain to the adequacy of the damages awarded by the district court for her husband's wrongful death and the sufficiency of the findings on which the award is based. Concluding that the evidence and the district court's findings fail to provide information necessary for proper review of the award, we vacate the judgment and remand the case for redetermination of the damages.

The district court held that personnel of a Veterans Administration Hospital were responsible for the death of Grady G. Mosley in December 1968, and it awarded $2000 for his pain, suffering, and mental anguish. Neither the government nor Mrs. Mosley appeal those rulings. The district court also awarded $10,000 for Mosley's wrongful death, and it is to this part of the judgment that Mrs. Mosley assigns error.

Mosley, age 44, supported his wife and three minor children on his earnings as a railroad engineer, which were about $11,000 in 1967, and $10,800 through October 1968. The district court found that because Mosley's heart was impaired, his life expectancy was not in excess of 10 years and his effective working expectancy, assuming successful heart surgery, was not in excess of five years. Weighing these facts and applying North Carolina's measure of damages, the district court ruled that the present value of Mosley's net pecuniary worth was "not in excess of $10,000." [1]

The district court properly recognized that North Carolina law governed the measure of damages for Mosley's death. *See* United States v. Price, 288 F.2d 448 (4th Cir. 1961). When Mosley died, North Carolina's statutes simply prescribed "fair and just compensation" for the pecuniary loss resulting from wrongful death.[2] The prevailing standard for assessing fair and just compensation was stated in Mendenhall v. North Carolina R. R. Co., 123 N.C. 275, 278, 31 S.E. 480 (1898), as follows:

"The measure of damages is the present value of the net pecuniary worth of the deceased, to be ascertained by deducting the cost of his own living and expenditures from the gross income, based upon his life expectancy."

Other North Carolina decisions make it clear that gross income is not limited to wages but may include other sources of income for life, such as disability in-

1. The paragraphs in the district judge's opinion referring to the amount of damages for Mosley's wrongful death contain the following findings of fact and conclusions of law:

"The court therefore finds that Mr. Mosley's life expectancy was not in excess of ten years; that his effective work life expectancy following successful heart surgery would not have been in excess of five years; and that the present value of the net pecuniary worth of the deceased ascertained by deducting the probable cost of his own living and his ordinary or usual expenses from the probable gross income which would have been derived from his own exertions based upon his life expectancy is not in excess of $10,000.

. . . . .

"As damages for wrongful death the plaintiff is entitled to recover the sum of $10,000 in accordance with the provisions of the North Carolina statute, G.S. § 28–174, as the statute read on December 10, 1968."

2. North Carolina's G.S. § 28–174, pertaining to damages for wrongful death, was amended in 1969 to provide greater coverage and more specific categories of awards, but the revised statute does not apply retroactively where, as in Mosley's case, death occurred before the effective date of the amendment. Smith v. Mercer, 276 N.C. 329, 172 S.E.2d 489 (1970).

come, retirement benefits, pensions, and annuities. Bryant v. Woodlief, 252 N.C. 488, 494, 114 S.E.2d 241, 246 (1960). Deductions from gross income include only those necessary expenses the deceased himself would have incurred—not those incurred by other members of his family. Carter v. North Carolina R. R. Co., 139 N.C. 499, 52 S.E. 642 (1905).

■■■ The exactness with which a district court must state its findings of fact depends, of course, on the circumstances of each particular case. Kelley v. Everglades Drainage Dist., 319 U.S. 415, 419, 63 S.Ct. 1141, 87 L.Ed. 1485 (1943). There is no inflexible mathematical formula for computing damages, and the trier of fact must be allowed latitude in evaluating the components of the award. Neal v. Saga Shipping Co., 407 F.2d 481 (5th Cir.), cert. denied, 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969). Therefore, reviewing courts have generally tended to uphold judgments where the record discloses that the overall award is reasonable even though the district court's findings may lack specificity. United States v. Pendergrast, 241 F.2d 687 (4th Cir. 1957). On the other hand, an appellate court must remand the case when it cannot adequately review an award in the light of the objections raised to its validity. Hatahley v. United States, 351 U.S. 173, 182, 76 S.Ct. 745, 100 L.Ed. 1065 (1956); Neill v. Diamond M. Drilling Co., 426 F.2d 487 (5th Cir. 1970).

Mrs. Mosley contests the district judge's findings about her husband's work and life expectancies. We conclude, however, that they are amply supported by the record. Therefore, in reviewing the award we accept, as we must, the five-year limitation on Mosley's effective work expectancy. Since the uncontradicted evidence disclosed that Mosley's most recent annual earnings were in excess of $11,000, a reasonable expectation of gross income would be at least $55,000, even without taking into consideration such relevant factors as the likelihood of pay increases during his working years and disability payments or other income during the balance of his life expectancy.

From the amount that a decedent could reasonably have been expected to earn there must be deducted sums equivalent to the cost of his own living and expenditures in order to determine the net pecuniary loss to his family. The district court adverted to "the probable cost of [Mosley's] own living and his ordinary or usual expenses," but it made no findings concerning the amount of this indispensable factor of the equation. The record, moreover, discloses no reason for assuming that Mosley would consume a disproportionate share of his annual income, leaving his four dependents with less than 20 percent of his earnings.

■■■ Even when an appropriate factor is used to discount future earnings and expenses to reach present value, we are unable to reconstruct a net worth of only $10,000. The record does not disclose how the district judge discounted the gross figures, but in any event the discount would have a minor effect because the judgment was entered more than four years after Mosley's death. Earnings and expenses attributable to the period between death and judgment are not future accruals, and, consequently, they are not subject to discount to ascertain their present value. Brooks v. United States, 273 F.Supp. 619, 633 (D. S.C. 1967).[3]

■■■ Understandably, the district court and the parties were preoccupied by the difficult, closely contested issue of liability. Perhaps for this reason, neither the evidentiary record nor the district court's carefully reasoned opinion on the complex question of fault provide us with a sufficient basis for reviewing the adequacy of the award for wrongful death. To do justice to both Mosley's family and the government, it

---

3. *Brooks* illustrates the computation of damages under a wrongful death statute that re-sembles in many respects the North Carolina law.

appears that the record must be re-opened to provide evidence relating to Mosley's personal expenditures, changes in his pay scale, any additional income for life, and other relevant facts which the parties may wish to call to the court's attention. Fortunately, much of this information should be available by stipulation because the passage of time has revealed a significant period of the future as viewed from the date of Mosley's death in 1968. Similarly, the need for discounting gross figures to ascertain present worth has been reduced, but if estimates of future income and expenses are an element of the award, the court should briefly explain the salient features of its computation.

The part of the judgment pertaining to the damages for wrongful death is vacated, and the case is remanded for redetermination of the award.