1029

James and Linda GREEN, Appellants v. Bill BLANTON, d/b/a Bill Blanton's Wrecker Service, Bill Ruppe and Shirley Ruppe, Respondents.

(362 S. E. (2d) 179)

Court of Appeals

*M. Terry Haselden, Faucette, Haselden & Harris, P. A.,* Spartanburg, *for appellants.*

*Wade S. Weatherford, II,* Gaffney, *for respondents.*

Heard Sept. 16, 1987.

Decided Oct. 26, 1987.

GARDNER, Judge:

James and Linda Green (the plaintiffs) sued defendant Blanton for negligence and defendants Bill and Shirley Ruppe (the Ruppes) for negligence and maintenance of a nuisance. The trial judge directed a verdict for defendant Blanton and, upon trial, the jury returned a verdict for the Ruppes. We reverse and remand.

Defendant Blanton is in the wrecker service business. He, through an employee, was employed to remove smoldering cotton from trucks on Interstate 85 near Gaffney, South Carolina. The truck was transporting cotton on I-85 when the cotton caught fire. Defendant Blanton, acting by and through his employees, removed most of the smoldering bales to the county landfill but at 4:30 p. m. of the day in

question the landfill closed. Defendant Blanton, with the Ruppes' permission, discarded about 15 bales of smoldering cotton on a lot owned by the Ruppes[1] and used as a landfill. The cotton continued to smolder; Mr. Green testified that the smoke was so obnoxious that his family had to leave their home, which was near the dump site, to sleep at another place. About thirty days later the dump site caught fire; the resulting soot and smoke seriously damaged the Greens' home.

Mr. Ruppe testified that for a number of years they had allowed people to dump various items including tires, old houses, logs, wood, dirt, stumps and anything else on this lot. Mr. Ruppe admitted that he had encouraged people to dispose of waste there and indeed wanted them to dump all sorts of rubbish to fill in the property. On occasions the debris had caught fire. It is undisputed that the Ruppes had failed to comply with certain hereinafter mentioned regulations of the Department of Health and Environmental Control (DHEC).

Questions of merit on appeal are whether the trial judge erred (1) in directing a verdict in favor of defendant Blanton, (2) in refusing to charge requested DHEC regulations, and (3) in the jury instruction relating to the law of nuisance.

On appeal from an order granting a directed verdict, this court views the evidence and all reasonable inferences deducible therefrom in a light most favorable to the party against whom the directed verdict was granted; if the evidence as a whole is susceptible of more than one reasonable inference, a jury issue is created and the motion must be denied. *Claytor v. General Motors Corporation*, 277 S. C. 259, 286 S. E. (2d) 129 (1982).

There is no need for a detailed review of the facts of this case, nor is citation required for the proposition that all persons are required to use ordinary care to prevent others from being injured or damaged as a result of their acts; ordinary care has been defined as that degree of care which people of ordinarily prudent behavior could be reasonably

---

[1] Part of the lot was owned by Mr. Ruppe and part by Mrs. Ruppe. It is admitted that Mr. Ruppe managed or was in control of the dump site.

expected to exercise under the circumstances of a given case. In other words, the care required must be in proportion to the danger to be avoided and the consequences that might be reasonably anticipated.

Superimposed upon the above elementary law of torts is the rule that if one engages in activity involving peril to others to the knowledge of the actor, his negligence while so engaged, whether consisting of acts of commission or omission, which result in damage to another is actionable. The activity of setting, controlling or confining fires is no exception. This is the general law of the land. *Benton v. Montague*, 253 N. C. 695, 117 S. E. (2d) 771 (1961); South Eastern and Decennial Digests, Negligence, Key No. 21.

And it is a familiar rule that to establish liability for ones negligent acts, it is not necessary that the person charged with negligence should have contemplated the particular event which occurred, but it is sufficient that he should have foreseen that his negligence would probably result in injury or damage to others. *Brown v. National Oil Co.*, 233 S. C. 345, 105 S. E. (2d) 81 (1958).

With the above rules in mind, we hold that the plaintiffs adduced sufficient evidence to make a jury issue as to defendant Blanton's negligence and liability for the starting of the fire and the resulting damages to the plaintiffs proximately resulting from defendant Blanton's acts. We therefore hold that the trial judge erred in directing a verdict in favor of defendant Blanton.

Turning to the second issue involving defendant Ruppes, we first observe that the negligent acts or omissions of two or more persons may combine to produce an injury, and in such case the injured party has the option of suing either, both or all of the wrongdoers. *Conyers v. Stewart*, 247 S. C. 403, 147 S. E. (2d) 640 (1966).

There is testimony of record that the Ruppes had not obtained any kind of permit from the state or county that would allow them to permit dumping the refuse on the property in question. There is an admission of record that the Ruppes encouraged people to dispose of waste there and indeed wanted them to dump rubbish in order to fill in the property. Mr. Ruppe testified that he had never consid-

ered having any type of equipment at the dump site to put out fires if the site caught fire even though he knew that the dump site had caught fire before and, further, that he used no fencing to control access to the dump site.

The plaintiffs timely presented requests to charge DHEC regulation 61-70 which provide, *inter alia*, (1) a permit from the State Board of Health for a system for land disposal of refuse, (2) that all open dumps are prohibited, (3) that dumps sites require fencing to control access and open burning is prohibited on a landfill site, (4) that all landfill operations must have equipment to extinguish fires or arrangements to provide for fire protection. The trial judge refused to charge these regulations.

The above regulations were obviously designed to protect adjoining landowners and nearby landowners and others from injury or damage from illegally operated dumps. No serious question was presented as to whether the Ruppes violated these regulations. The violation of a pertinent DHEC regulation may constitute negligence per se. *Coleman v. Shaw*, 281 S. C. 107, 314 S. E. (2d) 154 (Ct.App. 1984). The trial judge, therefore, erred in refusing to grant the requested jury instructions. And we so hold.

Finally, the Greens made timely objections to the trial judge's charge on the law of nuisance and his failure to make requested charges pertaining thereto. The jury instruction pertaining to the law of nuisance was vague and failed to include unlawful activity.[2] Additionally, the trial judge charged that a nuisance implies continuity of action over a period of time, but failed to charge that when "a single act produces a continuing result the offense [nuisance] may be complete without a recurrence of the act." *Gray v. Southern Facilities, Inc.*, 256 S. C. 558, 568, 183 S. E. (2d) 438, 443 (1971). For these reasons we hold the charge on the law of nuisance to have been erroneous.

---

[2] As a general principle of law, the unlawful use of property causing material annoyance, discomfort or hurt to another person constitutes a nuisance. 66 C. J. S. *Nuisance* Section 8 (1950), and Supp. (1987).

For the reasons stated, the judgment below is reversed and the case is remanded for a trial de novo.

Reversed and remanded.

SANDERS, C. J., and GOOLSBY, J., concur.