1182

Benjamin MIMS, as Administrator of the Estate of Bertha Ann Coward Mims, Respondent v. The FLORENCE COUNTY AMBULANCE SER-VICE COMMISSION & The County of Florence, Appellants.

(370 S. E. (2d) 96)

Court of Appeals

*James C. Rushton, III,* and *Mary Layton Wells, Hyman, Morgan, Brown, Jeffords, Rushton & Hatfied,* Florence, *for appellants.*

*E. Leroy Nettles, Sr., of Nettles, Reddeck & Turbeville,* Lake City, *for respondent.*

Heard May 24, 1988.

Decided June 27, 1988.

*Per Curiam:*

Benjamin Mims, as administrator of the estate of his wife, Bertha Coward Mims, brought suit against the appellants Florence County Ambulance Service Commission and the County of Florence alleging causes of action for breach of a duty to transport and for intentional infliction of emotional distress. The jury awarded Mr. Mims $12,000 in actual damages in a general verdict. The Ambulance Service and the County appeal the denial of their motions for directed verdict, judgment notwithstanding the verdict, and new trial. We affirm.

1. The Ambulance Service and the County question the sufficiency of the evidence to support a finding that a breach of duty to transport Mrs. Mims to the hospital proximately caused her damages.

In determining this question, we are required to view the evidence in the light most favorable to Mr. Mims, the party resisting the trial and post-trial motions used to raise this issue below. *Hilton Head Island Realty, Inc. v. Skull Creek Club*, 287 S. C. 530, 339 S. E. (2d) 890 (Ct. App. 1986).

On the issue of proximate cause, we observed in *Ballou v. Sigma Nu General Fraternity*, 291 S. C. 140, 147-48, 352 S. E. (2d) 488, 493 (Ct. App. 1986):

> The question of proximate cause is ordinarily a question of fact for determination by the jury. *Player v. Thompson*, 259 S. C. 600, 193 S. E. (2d) 531 (1972). Only in rare or exceptional cases may the question of proximate cause be decided as a matter of law. 65A C. J. S. *Negligence* § 264 at 917 (1966). The particular facts and circumstances of each case determine whether the question of proximate cause is for the court or for the jury. *Id.* at 917-18. If there may be a fair difference of opinion regarding whose act proximately caused the injury, then the question of proximate cause must be submitted to the jury. *Johnson v. Finney*, 246 S. C. 366, 143 S. E. (2d) 722 (1965).

Turning to the evidence and viewing it and its reasonable inferences in the light most favorable to Mr. Mims, we find that on June 12, 1983, Mr. Mims, requested the Ambulance Service to take his wife from the Mims' home to McLeod Hospital because she was having heart pains and trouble breathing.

When the ambulance attendants arrived, they found Mrs. Mims in bed. The attendants did not take Mrs. Mims' blood pressure or otherwise examine her but did ask to see the medicine she had been taking.

After Mr. Mims gave them the medicine, Joe Pollard, who lived in the Mims' home, and Mr. Mims' daughter raised Mrs. Mims to a sitting position on the bed. Mrs. Mims then lit a cigarette.

When this occurred, one attendant told Mr. Mims he did not think Mrs. Mims needed to go to the hospital. Mr. Mims disagreed, asserting that his wife was "bad off sick" and needed to be taken to "McLeod's Hospital."

Mr. Mims also offered the attendant a hundred dollars to take his wife to the hospital. The attendant, however, would not accept the money and remarked to Mr. Mims that "as long as [Mrs. Mims] could smoke cigarettes, she didn't need to go to no doctor."

Thereupon the attendants left.

Their leaving greatly upset Mrs. Mims and caused her to cry. It also aggravated her pre-existing condition in that Mrs. Mims' breathing became more difficult and she suffered additional heart pains. *See Watson v. Wilkinson Trucking Company*, 244 S. C. 217, 136 S. E. (2d) 286 (1964) (a plaintiff is entitled to recover all damages resulting from a defendant's negligent acts, including aggravation of the plaintiff's preexisting condition).

We hold the foregoing sufficient to present a jury issue on the question of proximate cause.

2. The Ambulance Service and the County further question the sufficiency of the evidence to support the amount of damages on the cause of action alleging a breach of duty to transport.

This contention has no merit. The amount of damages a jury may award for physical pain and suffering and for mental pain and suffering is incapable of exact measurement and is therefore left for determination by the jury. *Edwards v. Lawton*, 244 S. C. 276, 136 S. E. (2d) 708 (1964); *Haskins v. Fairfield Electric Co-op*, 283 S. C. 229, 321 S. E. (2d) 185 (Ct. App. 1984); 25 C. J. S. *Damages* § 94 at 997 (1966).

3. We likewise find no merit in the contention by the Ambulance Service and the County that the verdict resulted from caprice, passion, and prejudice and that they are therefore entitled to a new trial.

The granting of a new trial on the ground that the verdict is so excessive as to indicate caprice, passion, or prejudice on the part of the jury is committed to the sound discretion of the trial judge and his decision thereon will not be disturbed on appeal, absent a showing of

an abuse of discretion. *Fennell v. Littlejohn*, 240 S. C. 189, 125 S. E. (2d) 408 (1962).

We find no abuse of discretion here, especially since ■ the Ambulance Service and the County nowhere directed us to any trial event or to any item of evidence that might have induced the jury to act out of caprice, passion, or prejudice. *Rivers v. Rivers*, 292 S. C. 21, 354 S. E. (2d) 784 (Ct. App. 1987).

Also, we cannot say, as appellate judges, that the damages, which are admittedly generous, are so grossly excessive that it would be a denial of justice to allow the verdict to stand. *Broom v. Southeastern Highway Contracting Company, Inc.*, 291 S. C. 93, 352 S. E. (2d) 302 (Ct. App. 1986).

4. Because of the "two-issue rule," we need not ad- ■ dress the question raised by the Ambulance Service and the County concerning the sufficiency of the evidence to support a finding of intentional infliction of emotional distress. The verdict, a general one, can rest on the other theory advanced at trial. *Gasque v. Heublein, Inc.*, 281 S. C. 278, 315 S. E. (2d) 556 (Ct. App. 1984).

Affirmed.