2128

Shawn Ray NGUYEN, Respondent v. UNIFLEX CORPORATION
and Fred Sawyer, Appellants.

(440 S.E. (2d) 887)

Court of Appeals

*John L. Creson,* Augusta, GA, *for appellant.*

*Thomas E. Huff,* North Augusta, GA, *for respondent.*

Heard Oct. 5, 1993.

Decided Jan. 24, 1994. Reh. Den. Mar. 17, 1994.

CURETON, Judge:

Nguyen brought this action against his landlord, Uniflex Corporation, and the complex manager, Fred Sawyer (appellants), to recover for property damage to Nguyen's store from a fire allegedly caused by the appellants' negligence in improperly storing combustible materials in the complex. The jury found for Nguyen and awarded $48,250 in damages. The appellants appeal the sufficiency of the evidence to support the jury's verdict. We affirm.

The facts in this case are largely undisputed. The parties disagree on the conclusions to be drawn from the facts. Nguyen operated a convenience store in the Georgetown Villa Apartments complex in North Augusta, South Carolina. The store was located in a common building with the complex's laundromat and a storage area. This common building was destroyed by fire on June 22, 1990. There was no evidence of arson.

The fire started in the northeast corner of the storage area, near where a number of chemicals had apparently been

stored. There was evidence that both solvents and chlorine were stored in the area, within 18-20 inches of each other. The chlorine had been in solid or tablet form, and stored in five-gallon plastic containers.

Nguyen sought to prove the chemicals were the source of the fire primarily through his expert, a chemist, who testified a reaction between chlorine and solvents would "liberate a considerable quantity of heat" which could cause a fire. She elaborated that solid chlorine would not have to come into direct contact with solvents or other contaminant materials to raise a reaction, but that chlorine vapors coming into contact with certain contaminants could cause a chemical reaction. She also testified that solid chlorine exposed to humid conditions would produce chlorine vapors. She further testified that she had not investigated the cause of the fire in this case, and admitted that she was testifying "in theory as to possibilities not probabilities."

On the other hand, the appellants presented the testimony of an expert who had investigated over one thousand fires. This witness testified that it was his opinion, based upon his investigation, training, and experience, that the chemicals stored in the storage area were most probably not involved in causing the fire, although they may have contributed to the fuel load after the fire began.

To recover on his claim that the appellants negligently stored chemicals, resulting in a fire that consumed the building, Nguyen had to establish: (1) a duty of care owed to him by the appellants; (2) a breach of that duty by a negligent act or omission; and (3) damage proximately resulting from the breach of duty. *Ravan v. Greenville County,* — S.C. —, 434 S.E. (2d) 296 (Ct. App. 1993).

Appellants do not argue they owed Nguyen no duty of care. They do argue that their practice of storing chemicals in the storage area was not a negligent act and that such acts, even if negligent, were not the proximate cause of Nguyen's damages. Without deciding whether there was sufficient evidence of negligence surrounding the appellants' practice of storing chemicals in the storage area, we hold the record is insufficient to establish the fire was caused by a chemical reaction of the subject chemicals. Although causation may be established by circumstantial evidence, *Seaside*

*Resorts, Inc. v. Club Car, Inc.*, 308 S.C. 47, 416, S.E. (2d) 655 (Ct. App. 1992), and is usually a question for the jury, *Mims v. Florence County Ambulance Service Commission*, 296 S.C. 4, 370 S.E. (2d) 96 (Ct. App. 1988), it nonetheless must be based on probabilities not mere possibilities. *Harris v. Rose's Stores, Inc.*, — S.C. —, 433 S.E. (2d) 905 (Ct. App. 1993); *Ravan*, — S.C. —, 434 S.E. (2d) 296 (Ct. App. 1993).

Here, Nguyen sought to establish the chemicals as the source of the fire based on the proximity of the fire to the location of the chemicals, the lack of evidence of arson, and expert testimony that under certain conditions a fire is "possible" when chlorine and solvents are stored in close proximity to each other. Nguyen presented no evidence that there was in fact a reaction caused by the manner in which the chemicals were stored and that such a reaction most probably caused the fire. Because the evidence was insufficient to establish the chemicals as the probable source of the fire, and because South Carolina does not recognize res ipsa loquitur, *Snow v. City of Columbia*, 305 S.C. 544, 409 S.E. (2d) 797 (Ct. App. 1991). Nguyen did not carry his burden of showing the fire was caused by the manner in which the chemicals were stored.

Although we conclude there is no evidence that the manner in which the chemicals were stored constituted the proximate cause of the fire, nevertheless, the jury may have premised its finding of negligence on its determination that the city ordinances relating to fire safety had been violated and their violation was the proximate cause of the fire. Nguyen argues the appellants' violation of building code regulations requiring permits upon a change of occupancy and fire walls of a certain fire rating between units in the complex amounted to negligence *per se*. The appellants concede that if they violated a fire safety ordinance that such a violation might constitute negligence *per se*. *See Gray v. Barnes*, 244 S.C. 454, 137 S.E. (2d) 594 (1964).

Appellants argue, however, that there is no evidence the City's fire safety ordinances were applicable to the building because the ordinances, as testified to by the City's building official, only applied to the building if its use changed after 1988. They assert there is no evidence showing there had been a change in the use of the building since 1985, when the stor-

age of chlorine was changed from the pool house to the storage area in question. On the other hand, Nguyen points to evidence that in 1989, the Department of Health and Environmental Control (DHEC) required chlorine to be removed from the pool house. It is at least inferable that either the storage of chlorine was changed from the pool house to the storage area and back again to the pool house prior to the 1989 DHEC inspection or that the change in the storage of chlorine from the pool house to the storage area actually occurred in 1989. It is also inferable that if a change in the storage of chlorine occurred after 1988, an occupancy permit was required, and that no permit had been issued. Thus, there was, at a minimum, some conflict in the evidence as to whether the use of the storage area changed after 1988.

Generally, the determination of whether a statute has been violated is a question of fact for the jury. *See Cooper v. County of Florence*, 306 S.C. 408, 412 S.E. (2d) 417 (1991). Additionally, whether or not the violation of a statute is the proximate cause of an injury is also ordinarily a jury issue. *See Coleman v. Shaw*, 281 S.C. 107, 314 S.E. (2d) 154 (Ct. App. 1984).

The fire safety and occupancy ordinances were obviously enacted to protect adjoining property owners such as Nguyen from damage by fire. *See Green v. Blanton*, 294 S.C. 14, 362 S.E. (2d) 179 (Ct. App. 1987). We have carefully analyzed appellants' argument on the negligence *per se* issue in their appellate brief, and nowhere is the contention made that even if the city ordinances were violated, their violation was not a proximate cause of Nguyen's injury. Thus, we do not reach the issue of whether violation of the ordinances constituted a proximate cause of Nguyen's injury. This court may not reverse the jury's verdict on a ground not argued in the appellants' brief. 15 S.C. Juris. *Appeal and Error* § 83; *see also* Rule 207(b)(1)(D), SCACR. Accordingly, we hold the trial judge therefore did not commit error in instructing the jury that if it found the ordinance had been violated, "proof of such a violation is in itself proof of negligence."

Affirmed.

HOWELL, C.J., and LITTLEJOHN, A.J., concur.